UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| CITIBANK, N.A.,<br><br>           Plaintiff,<br><br>  -against-<br><br>SUPER SAYIN' PUBLISHING, LLC, COMPOUND TOURING, INC., 2424, LCC, SHAFFER C. SMITH, KEVIN R. FOSTER, II, FOSTER & FIRM, INC., and PROJECT TWENTY ONE, LLC,<br><br>           Defendants. | 14-Cv-5841 (SHS) |
| SHAFFER SMITH, 2424, LCC, SUPER SAYIN' PUBLISHING, LLC, COMPOUND TOURING, INC., and COMPOUND ENTERTAINMENT, LLC,<br><br>           Plaintiffs,<br><br>  -against-<br><br>KEVIN FOSTER, VERNON BROWN, FOSTER & FIRM, INC., and V. BROWN & COMPANY, INC.,<br><br>           Defendants. | 14-Cv-5918 (SHS)<br><br>OPINION &<br>ORDER |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  02/04/2015

SIDNEY H. STEIN, U.S. District Judge.

  Kevin Foster, Foster & Firm, Inc., and Project Twenty One, LLC (collectively, "defendants") have moved to stay these two related civil actions pending the resolution of a related criminal investigation and prosecution. For the reasons explained below, the Court denies that request.

## I. BACKGROUND

Kevin Foster ("Foster") is an individual associated with the corporate defendants Foster & Firm, Inc. and Project Twenty One, LLC. Defendants' request for a stay stems from Foster's involvement—or potential involvement—in three different proceedings: these two related civil actions (*Citibank*, 14-Cv-5841, and *Smith*, 14-Cv-5918) and *United States v. Preston J. Harrison, Thomas E. Jackson, and Lovena E. Harrison*, 14-Cr-106, a criminal case pending in the U.S. District Court for the Southern District of Ohio.

In *Smith*, plaintiff Shaffer Smith alleges that Kevin Foster, who was Smith's money manager and advisor, fraudulently induced Smith to invest $2.5 million in Imperial Integrated Health Research & Development, LLC ("Imperial"), a company that produced a sports beverage by the name of OXYwater. (2d Am. Compl. ¶¶ 1, 31, 33, 39, 53-54, 14-Cv-5918, Dkt. No. 24.) Specifically, Smith claims that Foster misrepresented the health benefits and financial prospects of OXYwater and that Foster never told Smith that he was an officer of, and had a financial interest in, Imperial. (*Id.* ¶¶ 33-34, 36-39, 42.) Foster also allegedly directed an additional $1 million from Smith's accounts to Imperial without Smith's authorization. (*Id.* ¶¶ 31, 41.) Finally, Smith alleges that Foster obtained loans from Citibank in Smith's name to replace funds that Foster had stolen from Smith. (*Id.* ¶¶ 1, 26, 28.) The complaint sets forth claims of securities fraud, breach of fiduciary duty, negligence, conversion, unjust enrichment, fraud, and fraud in the inducement.

In *Citibank*, plaintiff Citibank N.A. seeks to recover on two business loans it made to Compound Touring, Inc. and Super Sayin' Publishing, LLC, entities affiliated with Shaffer Smith. (Compl. ¶¶ 1-2, 9, 14-Cv-5841, Dkt. No. 1.) Citibank alleges that the loan documents purport to bear Smith's signature and that he guaranteed the loans, but Smith has denied any involvement whatsoever in those loans. (*Id.* ¶¶ 2-3, 16.) According to the complaint, Citibank records reflect that Kevin Foster transferred some of the loan proceeds from the debtors' accounts to bank accounts controlled by either Smith or Foster & Firm, Inc. (*Id.* ¶¶ 3, 28, 37.) Citibank asserts claims of unjust enrichment, fraudulent conveyance, and foreclosure of security interest.

The criminal case in the Southern District of Ohio presently involves only three defendants, none of whom are parties in *Smith* or *Citibank*: Preston Harrison and Thomas Jackson—both officers of Imperial—and Lovena Harrison, Preston Harrison's wife. (Ex. B to Aff. of David T. Shivas ("Shivas Aff.") dated Nov. 14, 2014 ¶¶ 1, 4, 14-Cv-5841, Dkt. No. 26.) The indictment charges that the three indicted defendants, "together with others known and unknown," engaged in a scheme to deceive Imperial's investors about the properties and sales of OXYwater, the financial status of Imperial, and the purposes for which the defendants planned to use investors' money. (*Id.* ¶¶ 10-11.) The defendants are charged with conspiracy, wire fraud, money laundering, and tax fraud. Kevin Foster has not been indicted but his attorney states that he is a target of the ongoing investigation. (Shivas Aff. ¶ 4.) Foster asserts that Smith has provided information about Foster and Imperial to the government in connection with that investigation. (Shivas Aff. ¶ 9.)

Defendants urge the Court to stay the *Smith* and *Citibank* actions during the pendency of the criminal case on the grounds that because the three cases involve similar underlying facts, forcing the parties to participate in civil discovery would place Foster in the impossible situation of choosing whether to (1) exercise his Fifth Amendment right against self-incrimination and potentially face an adverse inference in the civil cases or (2) fully defend the civil actions and risk exposing evidence that could be used against him in the criminal investigation.

## II.  DISCUSSION

### A.  Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

A defendant in a civil action who faces parallel criminal proceedings must confront the "difficult choice" of "being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that

3

privilege in the civil litigation." *Louis Vuitton*, 676 F.3d at 77. Nonetheless, the Constitution does not afford a defendant an "absolute right not to be forced" to make this choice. *Id.* at 98 (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)). In order to invoke the "extraordinary remedy" of staying a civil case until the conclusion of a related criminal proceeding, the defendant bears the burden of "showing undue prejudice . . . or interference with his constitutional rights," *id.* at 97-98 (internal quotation marks and citation omitted).

In evaluating the appropriateness of a stay, district courts usually consider the following six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also SEC v. One or More Unknown Purchasers of Sec. of Global Indus., Ltd.*, No. 11 Civ. 6500, 2012 WL 5505738, at *2 (S.D.N.Y. Nov. 9, 2012). Although this balancing test is not a "mechanical device[] for churning out correct results," it may serve as a "rough guide for the district court as it exercises its discretion." *Louis Vuitton*, 676 F.3d at 99. Ultimately, the court must engage in a "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Id.*

### B. Defendants Are Not Entitled to a Stay.

After balancing all six factors and weighing the competing interests at stake, the Court concludes that a stay of these actions is not warranted.

The first consideration—the overlap of the issues in the civil and criminal cases—weighs in favor of a stay of *Smith* but less so of *Citibank*. Setting aside for a moment the important fact that Foster has not been named a defendant in the criminal case, defendants are correct that many

4

of the factual allegations in the *Smith* complaint are similar to those in the indictment. Although some differences exist—for example, the indictment centers on the defendants' circulation of a private placement memorandum, while Smith never received that document—both cases concern the use of fraud and misrepresentation to induce investments in Imperial and OXYwater. In fact, a prior version of the *Smith* complaint described the criminal case against Jackson and Harrison (Ex. C to Shivas Aff. ¶¶ 47, 49), although the second amended complaint omits those references.

By contrast, the relationship between the criminal case and *Citibank* is more attenuated. The *Citibank* complaint never mentions Imperial or OXYwater. Rather, defendants predict that Smith will attempt to avoid liability by showing that Foster obtained the Citibank loans without Smith's authorization in order to invest the proceeds in Imperial or to replace funds that Foster had wrongfully taken from Smith. (*See* Ex. E. to Shivas Aff.) In other words, Smith might utilize the allegations in the *Smith* complaint to defend himself in *Citibank.* Although Smith's *Citibank* defense could conceivably implicate Foster in the scheme described in the criminal indictment, the connection between the two cases is at least one step removed from the much closer relationship that *Smith* and the criminal case share.

Importantly, the fact that Foster has not been indicted—the second factor of the balancing test—mitigates the concerns associated with the factual overlap between the civil and criminal cases. *See Trs. of Plumbers & Pipefitters*, 886 F. Supp. at 1139. The indictment issued more than eight months ago (*see* Shivas Aff. ¶ 5), and Foster has not been—and may never be—named as a defendant. Courts in this district have generally agreed that a stay is not appropriate absent an indictment or special circumstances. *See In re 650 Fifth Ave.*, No. 1:08-cv-10934-RJH, 2011 WL 3586169, at *3-4 (S.D.N.Y. Aug. 12, 2011) (citing cases); *In re Worldcom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002); *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 578 (S.D.N.Y. May 2, 2002).

Although defendants cite four decisions in which district courts stayed proceedings involving a parallel criminal investigation where there was no

indictment, those cases all involved unique considerations not present here. *See Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527-28 (D.N.J. 1998) (a pre-indictment stay was warranted due to serious self-incrimination risks and because the government contended that civil discovery could harm its criminal investigation); *U.S. v. Certain Real Prop. & Premises Known as 1344 Ridge Rd., Laurel Hollow, Syosset, N.Y.*, 751 F. Supp. 1060, 1063 (E.D.N.Y. 1989) (granting stay to both husband and wife when only the husband had been indicted); *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989) (explaining that an indictment was imminent); *In re Marceca*, 131 B.R. 774, 778 (Bankr. S.D.N.Y. 1991) (noting special concerns related to bankruptcy cases). If Foster is indicted at some point in the future, he may renew his request for a stay.

The third and fourth factors—the relative burdens on and interests of the parties—also tilt against a stay. The *Smith* and *Citibank* plaintiffs have a clear interest in commencing discovery in order to pursue an expeditious resolution of their claims. There is no way of knowing how long the government's investigation and possible prosecution of Foster will last. Delaying the civil cases indefinitely runs the risk that Foster—whom plaintiffs accuse of making fraudulent transfers of money—may not ultimately have sufficient assets to satisfy a judgment should plaintiffs succeed. *See Sterling Nat'l Bank*, 175 F. Supp. 2d at 579.

Foster certainly has an interest in avoiding the dilemma of choosing whether to participate in civil discovery here and risk self-incrimination, or asserting the privilege and possibly facing an adverse inference in the civil cases. Although the Court is sensitive to Foster's unenviable position, there is no reason to think that a criminal prosecution is inevitable, and because the government is not a party to either of the civil actions, it will not be using civil discovery "as a cloak to conduct criminal discovery." *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233, 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993); *see also Sterling Nat'l Bank*, 175 F. Supp. 2d at 579. Moreover, if Foster chooses to assert his Fifth Amendment privilege against self-incrimination in the civil cases, an adverse inference "will be only one of a number of factors the factfinder will consider and will be given no more evidentiary value than the facts of the case warrant." *Louis Vuitton*, 676 F.3d at 103 (internal quotation marks and citation omitted). In light of these considerations, the Court concludes that the interests of plaintiffs in

6

proceeding with the two civil cases exceed those of defendants in staying the actions.

The fifth factor, the interests of the Court, also cautions against a stay. The Court has an interest in advancing its docket and does not wish to delay two civil cases during the pendency of an investigation that may well lead nowhere and may take a most indeterminate amount of time. *See Louis Vuitton*, 676 F.3d at 104; *Sterling Nat'l Bank*, 175 F. Supp. 2d at 580; *Hakim*, 1993 WL 481335, at *2. While defendants warn that denying the stay may require the Court to adjudicate discovery disputes should Foster choose to assert his privilege, the Court is prepared to deal with that issue if and when it arises.

Finally, granting a stay here would not further the public interest. Although defendants argue that the public has an interest in protecting individuals' constitutional rights, the Court has already determined that the Constitution does not require a stay here. Moreover, "the public interest in financial institutions promptly recovering misappropriated funds is significant, particularly when weighed against the interest in a merely conjectural criminal prosecution." *Hakim*, 1993 WL 481335, at *3.

Balancing all of these considerations against each other, the Court concludes that defendants have not established the necessity of a stay of either *Smith* or *Citibank.* In addition, allowing the civil cases to proceed will not result in "substantial prejudice" to defendants, *Louis Vuitton*, 676 F.3d at 99, principally because Foster has not been (and may never be) indicted. In light of this fact, the competing interests of the parties, the public, and the Court tilt substantially in favor of denying a stay.

### III.  CONCLUSION

Under the particularized circumstances of *Smith* and *Citibank*, the interests of justice do not warrant a stay. Accordingly, defendants' motion for a stay of these two actions is denied. Discovery will now proceed. The parties in *Citibank* shall produce their initial disclosures by February 11, 2015. (*See* Ltr. of David T. Shivas dated Nov. 17, 2014, Dkt. No. 27 (requesting a stay "until this motion is decided by the Court").) They shall otherwise follow the deadlines established in the endorsed Rule 26(f) order dated October 30, 2014 (Dkt. No. 19). The parties in *Smith* shall submit a joint Rule 26(f) report and discovery plan by February 13, 2015; they shall

make every effort to conform their proposed schedule to the dates set forth in paragraph 7 of the *Citibank* Rule 26(f) order (Dkt. No. 19). The October 17, 2014 scheduling order in *Smith* (Dkt. No. 23) also remains in effect.

Dated: New York, New York
February 4, 2015

SO ORDERED:

Sidney H. Stein, U.S.D.J.

8